85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clinton R. PRATHER, Plaintiff-Appellee,
v.
CITY OF LOUISVILLE, et al., Defendants,
Douglas Hamilton, Steve Cambron, and Robert Adams,
Defendants-Appellants.
 No. 94-5634.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1996.
 
 Before: NELSON and RYAN, Circuit Judges, and ECHOLS, District Judge.*
 PER CURIAM.
 
 
 1
 This is an interlocutory appeal from a denial of qualified immunity in a civil rights action that arose out of an arrest and prosecution for theft of services. The appeal turns on the question whether, under an objective "reasonable official" standard, the defendant police officers ought to have understood that they were violating the plaintiff's clearly established federal constitutional rights. Because we are satisfied, upon de novo review, that this question must be answered in the negative, we shall reverse the denial of qualified immunity.
 
 
 2
 * The plaintiff, Clinton R. Prather, parked his car at a municipal garage in downtown Louisville prior to attending a free concert on the riverfront. He paid a $2.00 parking fee, as he later attested, and was told that this "event parking" fee was good for all night. The cashier did not tell him to keep his ticket stub, and he discarded the stub.
 
 
 3
 When he attempted to leave the garage after the concert, the cashier insisted that he pay again. Mr. Prather refused to do so. His refusal led ultimately to his being arrested by defendant Steve Cambron, a Louisville police officer. Officer Cambron decided to make an arrest after discussing the matter with defendant Robert Adams, a fellow officer.
 
 
 4
 The case against Mr. Prather was dismissed without prejudice after Officer Cambron twice failed to get to court on time for trial. The prosecution offered to drop the matter if Mr. Prather would stipulate to the existence of probable cause, but Prather declined to do so. Officer Cambron then signed a criminal complaint against Mr Prather, and a judge of the Jefferson District Court issued a summons commanding Mr. Prather to appear before him for trial. When Mr. Prather came before the judge, the charge (theft of services under $100) was dismissed with prejudice.
 
 
 5
 Mr. Prather then instituted the present action against the City of Louisville and others, including Officers Cambron and Adams and the Chief of Police, Douglas Hamilton. Alleging violations of rights guaranteed him by the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution, the plaintiff sought damages under 42 U.S.C. § 1983. The complaint also asserted various pendent state law claims.
 
 
 6
 A motion for summary judgment was filed by the City of Louisville, Chief Hamilton, and Officers Cambron and Adams. All of these defendants asserted that there had been no violation of Prather's constitutional rights, and the individual defendants asserted that they were entitled to qualified immunity in any event. The motion for summary judgment was denied, and the individual defendants have perfected an interlocutory appeal under the rationale of Mitchell v. Forysth, 472 U.S. 511 (1985).
 
 II
 
 7
 As we explained in Gossman v. Allen, 950 F.2d 338, 341 (6th Cir.1991),
 
 
 8
 "A government official enjoys qualified immunity if his or her conduct does not violate clearly established federal 'statutory or constitutional rights of which a reasonable person would have known.' Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The proper inquiry is not whether the claimed right existed in the abstract, but whether a reasonable official would have known that the challenged conduct violated that right. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Under this test, an official will be immune 'if officers of reasonable competence could disagree' on whether the conduct violated the plaintiff's rights. Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)."
 
 
 9
 In denying summary judgment on the qualified immunity defense in the case at bar, the district court made the following observation:
 
 
 10
 "At the time of the incident, Prather's substantive due process and privacy rights, and his right to be free from illegal arrests, unreasonable searches and seizures, and cruel and unusual punishment were clearly established."
 
 
 11
 Broadly speaking, the district court's observation was doubtless correct. So was a comparable observation made by the same court in the Gossman case. As our opinion in Gossman teaches, however, an analysis at this level of generality is "overly abstract." Id. Cf. Anderson v. Creighton, 483 U.S. at 639-640:
 
 
 12
 "[I]f the test of 'clearly established law' were to be applied at this level of generality, it would bear no relationship to the 'objective legal reasonableness' that is the touchstone of Harlow. * * * [O]ur cases establish that the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."
 
 
 13
 In the case now before us, as in Gossman, it is clear that the district court failed adequately to consider whether reasonable officials would have understood that the plaintiff's constitutional rights were being violated. We could remand the case to the district court for a more particularized inquiry, see Poe v. Haydon, 853 F.2d 418 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989), but we doubt that any useful purpose would be served by doing so.
 
 
 14
 We turn, then, to the threshold question whether the plaintiff has shown a violation of any constitutional right at all. See Siegert v. Gilley, 500 U.S. 226, 230 (1991). In this connection Mr. Prather argues that under Kentucky law, as the district court found, Officers Cambron and Adams acted illegally in making a warrantless arrest for a misdemeanor not committed in their presence. It follows, Mr. Prather contends, that the seizure of his person was "unreasonable" within the meaning of that term as used in the Fourth Amendment of the Federal Constitution.
 
 
 15
 The premise as to state law may be correct, but the conclusion Mr. Prather draws from it is not. See Fields v. City of South Houston, 922 F.2d 1183 (5th Cir.1991), where the court held that a warrantless arrest for a misdemeanor not committed in the officer's presence--an arrest that violated Texas law--did not violate the Fourth Amendment unless the arresting officer lacked probable cause. Id. at 1189. See also Street v. Surdyka, 492 F.2d 368, 371-72 (4th Cir.1974), on which the Fields court relied.
 
 
 16
 On the record before us, we are inclined to think that probable cause existed for the warrantless arrest at the parking garage. Mr. Prather could not produce a ticket stub to show that he had paid, and the representations of the parking lot attendant gave the officers a reasonable basis for concluding that payment had not been made. Be that as it may, however, it seems obvious to us that law enforcement officials could conclude reasonably, even if mistakenly, that probable cause was present. This alone is enough to relieve arresting officers of personal liability. "We have recognized," the Supreme Court said in Anderson v. Creighton, 483 U.S. at 641, "that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials--like other officials that act in ways they reasonably believe to be lawful--should not be held personally liable."
 
 
 17
 We turn next to the question whether Officer Cambron committed a constitutional tort in the nature of malicious prosecution when he signed a criminal complaint requesting that Mr. Prather be summoned back to court after the initial theft of services charge had been dismissed without prejudice. To the extent that Mr. Prather's malicious prosecution claim rests on the "substantive" component of the Due Process Clause, the claim is foreclosed by Albright v. Oliver, 114 S.Ct. 807 (1994). To the extent that the claim is based on the Fourth Amendment, the claim fails because the summons--issued by an impartial magistrate--did not result in Mr. Prather's being arrested.
 
 
 18
 Regardless of the liability of Officers Cambron and Adams, finally, Mr. Prather clearly has no constitutional claim against Chief of Police Douglas Hamilton. It would be impermissible to hold Chief Hamilton liable for the acts of his subordinates on a respondeat superior theory. See Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978). And Chief Hamilton could not be held liable for failure adequately to train and supervise his subordinates in the absence of "deliberate indifference" to the rights of those with whom the subordinates come in contact. See City of Canton v. Harris, 489 U.S. 378 (1989). Mr. Prather has made no attempt to show that Chief Hamilton was "deliberately indifferent" to the constitutional rights of the citizens of Louisville.
 
 
 19
 The district court's denial of summary judgment on the qualified immunity defense is REVERSED, and the case is REMANDED to the district court with instructions to enter judgment in favor of defendants Hamilton, Cambron, and Adams.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation